**UNITED STATES v. SHAW TENENBAUM CONST. CO., Inc.**

No. 5897.

United States District Court
W. D. Missouri, W. D.

Nov. 16, 1949.

534

Sam M. Wear, David L. Thompson, Kansas City, Mo., for plaintiff.

Roach, Brenner & Wimmell, Fred L. Howard, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed motions to dismiss, to strike certain averments of the complaint, also a motion for a more definite statement. A brief statement of the facts appears to be necessary for a clear understanding of the questions raised.

This is an action by the government against the defendant for the alleged violation of specified priorities regulations authorized by War Power Acts of the Congress. Under the several acts mentioned in the complaint the defendant applied for and received priorities assistance to build (according to specification) and to sell dwelling units to be located in Somerside Addition to Mission Township, Johnson County, Kansas. By such authorization the defendant obtained building materials and actually constructed dwelling units at the place specified in the application. Such dwelling units were constructed in conformity to authorizations issued under the latest War Powers Act, as amended from time to time, 50 U.S.C.A. Appendix, § 631 et seq., and, moreover, as made effective by authorized regulations.

It is charged by the government that the defendant sold such housing units or dwelling units at prices in excess of the approved maximum. This was done by omitting specified improvements or additions from the submitted plans, namely, the omission of storm sash and window screens from each unit. These were valued from $73.36 up to $91.28 in individual cases. The value of the omission in each case was definitely specified. The properties were completed at varying dates from August 27, 1946 to May 26, 1947. In substance it is alleged by the government that the failure to attach the conveniences, appurtenances, or accessories mentioned had the effect to exceed the maximum price, when, as it is alleged, the defendants received the maximum price fixed by the Federal Housing Administration.

The motion to dismiss is based upon a denial by the defendant that the government has a right to institute the action, and, moreover, even if so, said action is barred by limitation and particularly in view of the fact that the government is asking that restitution be made of the overcharge in each case to the purchaser.

The motion to strike is upon the ground that the complaint improperly refers to certain legislative enactments as authority for the action.

The motion for a more definite statement seeks "to require the United States of America, plaintiff herein, to make a more definite statement of its complaint in the following particulars: * * *." The particulars called for are the plans and specifications requiring the attachment of

storm sash and window screens in each dwelling unit. These will be considered.

1. The motion to dismiss should be overruled for the reason that under all of the authorities the government is a proper party and is here in its sovereign capacity to compel the performance of duties or the carrying out of obligations in the public interest, and it is familiar doctrine that limitation bars do not run against the government. Moreover, in analogous cases the courts have so held. And furthermore it has been held, as in this case, where the government seeks to compel restitution that, even though the beneficiary of such restitution would be barred the right to maintain an action at law to recover the amount, yet the government could nevertheless maintain an action in equity for restoration of the overcharge.

The motion to dismiss should be overruled.

2. The motion to strike out certain references in the complaint in support of the right to institute the action should be denied. If it appears from the proof that these references do not form a basis for the action and that there is no authority for such action, the defendant will have its remedy by a motion to dismiss at the conclusion of the evidence. However, an examination of the authorities as well as the statutes shows quite conclusively that the references are properly made and that the statutes mentioned in the complaint clearly provide for the action.

The motion to strike, in like manner, should be overruled.

3. The motion for a more definite statement, in like manner, should be overruled. Such motion is not based upon the averments that there are ambiguities in the averments but it is equivalent to a motion for a bill of particulars and such motion, as is well known, no longer obtains or may be used in our procedure. Such motion has been supplanted by the discovery rules. Defendant can obtain all of the information here sought by interrogatories, by requests for admissions, or by depositions. However, such is not necessary in this case for the reason that the exhibit to the complaint constitutes a part of the complaint and clearly and definitely points out exactly what was omitted from the plans and specifications submitted by the defendants, namely, storm sash and window screens from each dwelling unit.

Able counsel for the defendant formally requested an opportunity to argue orally the several motions above discussed. The motions have been examined sympathetically toward this courteous request. However, no doubtful questions of law obtrude themselves in a study of the motions and therefore it would be a loss of counsel's time, as well as that of the court, to have an oral argument. This request will be denied.

It only remains to make a formal order overruling said several motions.